**BARSHAY SANDERS, PLLC**
Craig B. Sanders, Esq. (WA Bar. 46986)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel. (516) 203-7600
Fax (516) 282-7878
csanders@barshaysanders.com
File No.: 121147
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Melissa Kelly, <br><br> Plaintiff, <br><br> vs. <br><br> IMDB.COM, INC., <br><br> Defendant. | Case No: <br><br> **COMPLAINT** |

Melissa Kelly ("*Plaintiff*"), by and through its undersigned counsel, for their Complaint against Defendant IMDB.COM, INC. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover for copyright infringement and violations of the DMCA.

2. Plaintiff herein provides entertainment-related photojournalism goods and services and own the rights to photographs featuring celebrities which they license to online and print publications.

1
PLAINTIFF'S COMPLAINT

3. Plaintiff has obtained U.S. copyright registrations covering many of her photographs, and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as imdb.com (the Website are collectively referred to herein as the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Melissa Kelly is an individual who is a citizen of the State of Kansas and maintains a principal place of business in Sedgwick County, Kansas.

7. On information and belief, Defendant IMDB.COM, INC., is a Washington Corporation with a principal place of business in King County, Washington and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims and federal DMCA violations pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over IMDB.COM, INC. because IMDB.COM, INC. maintains its principal place of business in Washington.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because IMDB.COM, INC. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACSTS COMMON TO ALL CLAIMS**

11. Plaintiff is the legal and rightful owners of photographs which she licenses to online and print publications.

12. Plaintiff has invested significant time and money in building her photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of her photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

15. Defendant is the registered owner of the Website and is responsible for its content.

16. Defendant is the operator of the Website and is responsible for its content.

17. The Website is popular and lucrative enterprises that purposefully display celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

18. The Website is monetized in that it contains paid advertisements and/or sell merchandise to the public and, on information and belief, Defendant profit from these activities.

19. On July 14, 2014 Plaintiff Melissa Kelly authored a photograph of Gia Rose ("Photograph 1"). A copy of Photograph 1 is attached collectively in Exhibit 1.

20. Photograph 1 was registered by USCO on August 7, 2018 under Registration No. VA 2-114-302. A copy of the registration certificate is attached hereto as Exhibit 3.

21. Plaintiff observed Photograph 1 on Defendant's domain imdb.com

on February 3, 2019. A copy of Screengrab of Defendant's website including Photograph 1 is attached hereto collectively in Exhibit 2.

22. A copy of Photograph 1 was stored and displayed on Defendant's domain imdb.com at the following URL: https://www.imdb.com/name/nm4220919/mediaviewer/rm4141348352.

23. On July 14, 2014 Plaintiff Melissa Kelly authored another photograph of Gia Rose ("Photograph 2"). A copy of Photograph 2 is attached collectively in Exhibit 1.

24. Photograph 2 was registered by USCO on August 7, 2018 under Registration No. VA 2-114-302.

25. Plaintiff observed Photograph 2 on Defendant's domain imdb.com on February 3, 2019. A copy of Screengrab of Defendant's website including Photograph 1 is attached hereto collectively in Exhibit 2.

26. A copy of Photograph 2 was stored and displayed on Defendant's domain imdb.com at the following URL: https://www.imdb.com/name/nm4220919/mediaviewer/rm2463626752.

27. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

28. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

29. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory

duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

30. Each Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website less all of the metadata which existed in the original image.

31. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

32. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing moderators and administrators, as Defendant's agents (hereinafter collectively referred to as "Employees") who are each responsible for operating and controlling the activities on the Website.

33. At all material times the Employees were acting within the course and scope of their employment.

34. At all material times the Employees were acting within the course and scope of their agency.

35. On information and belief, the Infringements were not directly posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

36. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

37. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

38. On information and belief, Defendant's Employees actively

1  reviewed, monitored, commented, deleted and "cleaned" postings and threads
2  containing Plaintiff's Photographs.

3   39. On information and belief Defendant has the legal right and ability
4  to control and limit the infringing activities on their Website and exercised
5  and/or had the right and ability to exercise such right.

6   40. On information and belief Defendant's Employees had complete
7  control over and actively reviewed and monitored the content posted on the
8  Website.

9   41. On information and belief Defendant monitors the content on the
10 Website.

11  42. On information and belief Defendant's Employees actively review,
12 modify delete and/or "clean" postings and threads thereby having constructive
13 notice of their contents.

14  43. On information and belief of proof of this process, Defendant's
15 Website includes a "IMDB Image FAQ's" page at URL
16 https://help.imdb.com/article/contribution/images-videos/imdb-image-
17 faqs/G64MGN2G43F42PES# wherein they write "Once selected, you will have
18 the ability to upload images directly to IMDb. As with all other forms of
19 contribution, our staff will evaluate your submission." A copy of this page is
20 attached hereto as Exhibit 4.

21  44. Defendant provides details concerning the processing time for the
22 review by its staff before the posting of images to its Website at URL
23 https://contribute.imdb.com/times. A sample copy of this page is attached
24 hereto as Exhibit 5.

25  45. On information and belief, Defendant receives a financial benefit
26 directly attributable to the Infringements. Specifically, by way of the
27 Infringements, the Website had increased traffic to the and, in turn, realized an
28 increase their advertising revenues and/or merchandise sales.

BARSHAY SANDERS, PLLC

46. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

47. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

51. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

52. Without permission or authorization from Plaintiff and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

53. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

54. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per

infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Contributory Copyright Infringement)*

55. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

56. Defendant had a continuing relationship with the individuals using the Website and, thus, Defendant's actions substantially contributed to the infringing activity.

57. Defendant's actions show a relationship to the infringing activity beyond just mere operation of a Website business.

58. Defendant is liable as contributory infringer since it had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); A&M Records, Inc. v. Napster, Inc. 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

59. Defendant's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff

60. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
### *(Vicarious Copyright Infringement)*

61. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

62. At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents and members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

63. For example, on information and belief, Defendant had the practicable ability to police the images on the Website when its Employees edited, modified and/or interacted with the Photographs, and therefore had the right and ability to supervise and control the infringing Photographs.

64. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members have continued to infringe upon Plaintiff's Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

65. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, Employees and agents from, inter alia, advertising revenue from the increased traffic to its Website and from increase in fees paid by sponsors.

66. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue.

67. Accordingly, Defendant is liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171

9
PLAINTIFF'S COMPLAINT

(9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

68. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## FOURTH COUNT
### *(17 U.S.C. §1202)*

69. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

70. Upon information and belief, Defendant copied the Photograph from Plaintiff's Facebook Page (https://www.facebook.com/MelissaKellyImagery/photos/a.304023656286635.72426.294791260543208/815340545154941/?type=3&theater) which contained a gutter credit at the side of the Photograph stating "Melissa Kelly Imagery www.melissakellyimagery.com" as well as embedded metadata in the photograph. A copy of the Facebook posting is attached as Exhibit 6.

71. Upon information and belief, Defendant intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

72. Defendant's conduct violates 17 U.S.C. § 1202(b).

73. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

74. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or

conceal their infringement of Plaintiff's copyright in the Photograph.

75. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

76. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover the damages that he sustained and will sustain, and any gains, profits and advantages obtained Defendant because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

77. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

b. Statutory damages against Defendant pursuant to 17 U.S.C. §1203(c) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202;

b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

11
PLAINTIFF'S COMPLAINT

    c.    Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    d.    Plaintiff's costs; together with

    e.    Such other relief that the Court determines is just and proper.

DATED: December 29, 2020

**BARSHAY SANDERS, PLLC**

By:   /s/ Craig B. Sanders          
Craig B. Sanders, Esq. (WA Bar. 46986)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121147